UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE LUIS RODRIGUEZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:12cv42 (SRU)

## ORDER TO SHOW CAUSE

On January 9, 2012, Petitioner Jose Luis Rodriguez filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. #1), challenging the legality of the sentence imposed on him on December 19, 2008.

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for section 2255 petitions in order to "bring finality to federal court proceedings." *Rivera v. United States*, 719 F. Supp. 2d 230, 232 (D. Conn. 2010) (citing *Johnson v. United States*, 544 U.S. 295, 309 (2005)). Under section 2255(f), that one-year period runs from the latest of

    (1)  the date on which the judgment of conviction becomes final;
    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

- 2 -

Here, Rodriguez was sentenced on December 19, 2008 and he subsequently filed a notice of appeal on December 22, 2008. The United States Court of Appeals for the Second Circuit issued its mandate affirming Rodriquez's conviction on September 3, 2010. However, Rodriguez did not file this petition until January of 2012, well outside of the one-year limitations period described above.

Therefore, it is hereby ORDERED that the Petitioner shall show cause on or before April 9, 2012, why the Motion to Set Aside or Correct Sentence should not be dismissed as untimely.

Dated at Bridgeport, Connecticut, this 9th day of March 2012.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge